John M. FERENC

v.

Milton D. MOSS et al.

John M. FERENC

v.

Robert L. JOHNSON et al.

John M. FERENC

v.

Michael McGUIRE, Superintendent, Norristown State Insane Asylum, et al.

Civ. A. Nos. 71-187, 72-728, 72-1858.

United States District Court,
E. D. Pennsylvania.

Nov. 28, 1973.

See also, D.C., 353 F.Supp. 951.

Alan Reich, Michael Gardener, students University of Pennsylvania Law School, Philadelphia, Pa., for plaintiff.

Stewart J. Greenleaf, Willow Grove, Pa., Arthur Lefkoe, Michael J. Sheridan, Norristown, Pa., for Milton D. Moss and others.

Michael Minkin, Philadelphia, Pa., for Robert L. Johnson, Michael McGuire and others.

MEMORANDUM AND ORDER

FOGEL, District Judge.

Pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, plaintiff in these actions has requested production of all records relating to his custody at Graterford Penitentiary and the Norristown State Hospital. Plaintiff also seeks production of the court records in the following cases: (1) Commonwealth of Pennsylvania v. John M. Ferenc,

Original Case No. 262, November Term, 1968, Court of Common Pleas for Montgomery County, Pennsylvania; (2) Pennsylvania Criminal Case Number 366 (charging plaintiff with prison breach); (3) United States ex rel. Ferenc v. Brierley, 320 F.Supp. 406 (E.D.Pa.1970) (C.A. # 70–1582). Defendants have objected to these requests on the grounds of relevance, admissibility and reasonableness.

■ Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Given the breadth, multiplicity, and present posture of plaintiff's claims in these actions, we do not have before us a record that enables us to determine which documents are relevant to the various claims made by plaintiff. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Once these records are produced, then objections to their use and relevance can be considered by the Court.

The court files which the plaintiff seeks are a matter of public record. They may be inspected and copied in the appropriate courthouses.[1]

■ Plaintiff has further requested defendants to admit the genuineness of the documents and the truth of the facts contained therein, and in addition has requested that all the institutional and court records be admitted as exhibits for

trial. Defendants are correct in their contention that such admissions at this stage of the proceedings would be unreasonable and premature. After plaintiff, now represented by counsel appointed by this court, has had the opportunity to cull the relevant documents and records made available to him by this ruling, he may then be able to comply with the requirements of Rule 36(a), Federal Rules of Civil Procedure, and file a more timely request. Accordingly, the following order is entered.

### ORDER

And now, to wit, this 28th day of November, 1973, it is hereby ordered that

(1) discovery of all institutional documents pertaining to plaintiff's custody at Graterford Penitentiary and the Norristown State Hospital shall be conducted at those institutions respectively;

(2) defendants shall make such documents available for inspection and copying;

(3) the parties shall abide by the schedule set by Judge Leomporra for inspection and copying of such records;

(4) discovery granted by this order is to be completed by January 30, 1974;

(5) plaintiff's request that defendant admit the genuineness of the documents and records and the truth of the facts contained therein is denied. Leave is granted to plaintiff to resubmit his requests for such admissions.

(6) Plaintiff's request for the admission at this time of the institutional and court records as exhibits for trial is denied.

---

1. The court records of state criminal case number 262 are here in this court for review in a related case and are available for inspection and copying along with the records in the federal Civil Action, Number 70–1582.